842 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark Insko GROSS, Plaintiff-Appellant,
v.
Harold BUCHIGNANI, Individually and In His Capacity as
Fayette County Jailer, et al., Defendants-Appellees.
 No. 87-5864.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1988.
 
 Before RYAN, Circuit Judge, JOHN W. PECK and BAILEY BROWN, Senior Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff appeals the district court's judgment adopting, over plaintiff's timely objections, the magistrate's report recommending dismissal of his 42 U.S.C. Sec. 1983 civil rights complaint.
 
 
 3
 Plaintiff sued the defendants alleging that they wrongfully arrested, detained and extradited him to Florida in violation of his fourth and fourteenth amendment rights. At all times pertinent, the defendants were acting pursuant to a Kentucky Governor's warrant which was based on a facially valid Florida arrest warrant. Upon review, we affirm the district court's judgment.
 
 
 4
 Plaintiff failed to state a substantive due process claim because the circumstances of this case do not reflect an intentional or egregious abuse of governmental power as the defendants were acting pursuant to a facially valid warrant. See Baker v. McCollan, 443 U.S. 137, 142-145 (1979); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 198 (6th Cir.1987).
 
 
 5
 Likewise, plaintiff failed to state a procedural due process claim because he failed to plead and prove the inadequacy of Kentucky state remedies. See Wilson v. Beebe, 770 F.2d 578, 583-584 (6th Cir.1985) (en banc). To the contrary, the Kentucky courts do provide an adequate remedy for claims of false arrest and false imprisonment. See Lexington-Fayette Urban County Gov't v. Middleton, 555 S.W.2d 613 (Ky.App.1977).
 
 
 6
 Lastly, the defendants are entitled to qualified immunity because their actions in arresting and detaining plaintiff pursuant to a facially valid warrant were objectively reasonable under the circumstances. See Harlow v. Fitzgerald, 457 U.S. 800 (1982).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.